UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STEVEN W. ELLIOTT, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:18-cv-01341-AGF |
| VALVOLINE (KENTUCKY), LLC, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Steven Elliott's motion to remand. ECF No. 12. The matter is fully briefed and ready for disposition. For the reasons set forth below, the Court will grant Plaintiff's motion.

## BACKGROUND

Plaintiff filed this lawsuit in the Circuit Court of St. Louis County, Missouri, on April 24, 2018, against his former employer, Defendant Valvoline (Kentucky), LLC. In his amended complaint, Plaintiff claims that he was terminated in retaliation for filing a workers' compensation claim and a whistleblower claim. ECF No. 5.

Defendant filed a notice of removal on August 16, 2018, alleging that this Court has diversity jurisdiction because Plaintiff seeks damages in excess of $75,000.[1] ECF No. 1. Specifically, Defendant argues that Plaintiff may be entitled to receive back pay, front pay, costs of litigation, reasonable attorneys' fees, and punitive damages under the

---

[1] It is undisputed that complete diversity of citizenship exists in this case.

Missouri Whistleblower Act and state workers' compensation laws. Defendant maintains that these available remedies may exceed $75,000.

In his motion to remand the lawsuit to state court, Plaintiff disputes that he is seeking over $75,000 and submits a binding declaration that he will not seek or accept in state court an amount exceeding $74,999. ECF No. 11. Defendant responds that Plaintiff's affidavit is insufficient because it does not contemplate attorneys' fees to which he may be entitled. ECF No. 13. On September 7, 2018, counsel for Plaintiff filed a stipulation that Plaintiff disclaims any right to funds in excess of $74,999, including attorney's fees, from Defendant. ECF No. 14.

On October 2, 2018, the Court reserved ruling on Plaintiff's motion to remand and allowed Plaintiff to supplement his motion with an affidavit expressly limiting his damages, including attorneys' fees, to less than $75,000. Plaintiff complied on October 3, 2018, and submitted an affidavit stating: "By this Affidavit I make a binding declaration that I will not seek or accept from Defendant an amount in excess of $74,999.00 which maximum amount would include any attorneys['] fees that may be awarded." ECF No. 19.

## **DISCUSSION**

Federal courts have jurisdiction where the parties are citizens of different states and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). When a defendant removes a civil action to federal court and its notice of removal includes a good faith, plausible allegation that the amount in controversy exceeds the jurisdictional

threshold, the "allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014).  However, where the plaintiff contests the defendant's amount-in-controversy allegation, removal is proper on the basis of an amount in controversy asserted by the defendant if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold.  *Waters v. Ferrara Candy Co.*, 873 F.3d 633, 635–36 (8th Cir. 2017) (citing *Dart Cherokee*, 135 S. Ct. at 553–54 & 554 n.1).  "In such a case, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id*. at 554.

"The party seeking to remove a case to federal court bears the burden of establishing federal jurisdiction." *Westerfeld v. Indep. Processing, LLC*, 621 F.3d 819, 822 (8th Cir. 2010).  "Importantly, the issue is not whether the damages are in fact greater than $75,000.00, but whether a fact finder might legally conclude that they are.  Once the removing party has established by a preponderance of the evidence that the jurisdictional minimum is satisfied, remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount." *Hughes v. Transwood, Inc.*, No. 4:17CV01943 PLC, 2018 WL 1762719, at *2 (E.D. Mo. Apr. 12, 2018) (citation omitted).

Generally, a federal court's jurisdiction, including the amount in controversy, is measured at the time of filing, or, for a removed case, at the time of removal.  *See*

*Schubert v. Auto Owners Ins. Co.*, 649 F.3d 817, 822-23 (8th Cir. 2011). However, while post-removal events "do not oust the district court's jurisdiction once it has attached," *St. Paul Mercury Indem. Co. v. Red Cab. Co.*, 303 U.S. 283, 292 (1938), the Court may consider subsequent events showing that, in fact, the required amount was or was not in controversy at the time federal court jurisdiction was invoked, *Schubert*, 649 F.3d at 823 (internal quotation marks and citation omitted). Post-removal affidavits may, therefore, be considered to resolve whether the district court has jurisdiction. *Pudlowski v. The St. Louis Rams, LLC*, 829 F.3d 963 (8th Cir. 2016) (per curiam). However, a post-removal affidavit will only be considered to the extent it clarifies, rather than amends, the original pleading. *Armour v. Schneider Nat'l Carriers, Inc.,* No. 4:16CV1328 JCH, 2016 WL 5470466, at *2, n. 2 (E.D. Mo. Sept. 29, 2016).

Here, Plaintiff submitted affidavits limiting his damages, including attorneys' fees, to less than $75,000. These affidavits have served to clarify the original pleading and establish to a legal certainty that the claim is for less that the requisite amount. *McGuire v. J.B. Hunt Transp., Inc.*, No. 4:10CV746MLM, 2010 WL 2399550, at *4 (E.D. Mo. June 10, 2010) ("A binding stipulation by affidavit or other binding declaration by plaintiff filed in both state and federal court stating that [plaintiff] does not seek, and will not ask for or accept an amount in damages in excess of $75,000.00, exclusive of interest and costs, protects both plaintiff and defendant and allows the court to find as a matter of law that the amount in controversy at the time of removal did not and does not exceed $75,000.00, exclusive of interest and costs.").

4

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that that Plaintiff's motion to remand (ECF No. 12) is **GRANTED**, and this matter is **REMANDED** to the Circuit Court of St. Louis County, Missouri, in which it was filed.

                                                  AUDREY G. FLEISSIG
                                                  UNITED STATES DISTRICT JUDGE

Dated this 5th day of October, 2018.